In the Matter of the Claim of Viola K. Spang, Respondent, against Moser Studio, Inc., Employer, and Columbia Casualty Company, Insurance Carrier, Appellants. State Industrial Board, Respondent.

Third Department, July 2, 1941.

*Herbert F. Hastings, Jr.* [*F. G. Mann* of counsel], for the appellants.

*Salvator M. Lo Monaco,* for the claimant-respondent.

*John J. Bennett, Jr., Attorney-General* [*John F. Loehr, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

BLISS, J. The question is whether the minimum compensation rate of eight dollars per week, contained in subdivision 6 of section 15 of the Workmen's Compensation Law, applies to an employee who has fully recovered from an occupational disease but who to avoid recurrence is unable to return to her former occupation and whose wage earning capacity in her new occupation is less than it was in her former occupation. Section 15 is a part of article 2, which deals with the compensation payable for disability or death from injury. The portion of the Workmen's Compensation Law dealing with occupational diseases is found in article 3; section

39 of such article treats of disability or death caused by occupational diseases and provides for compensation for the duration of disablement " in accordance with the provisions of article two, except as hereinafter stated; provided, however, that if it shall be determined that such employee is able to earn wages at another occupation which shall be neither unhealthful or injurious, and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity."

This claimant was disabled as the result of an occupational disease. She recovered but was unable to return to her former occupation because it was injurious to her and at her new occupation was unable to earn as much as formerly. The method provided in section 39 would give her compensation at the rate of seven dollars and forty-five cents per week, but the Industrial Board has awarded compensation at the minimum rate of eight dollars provided by subdivision 6 of section 15 of article 2. Section 39 specifically provides that the provisions of article 2 shall not apply in such a case as this. Consequently the Board erred in applying the minimum rate of eight dollars.

The findings do not completely state the facts. The award shows that it was made for reasons stated in a memorandum of the Industrial Board. This memorandum contains a complete statement of the facts and shows that this case comes within section 39. But the findings do not show that; neither do they show the amount of reduction in earning capacity, nor the actual earning capacity of the claimant after her recovery. They are not a full and fair statement of the facts. Such failure compels us to reverse this award and remit the matter to the Industrial Board for the preparation of proper findings as well as the making of an award in accordance with section 39 of the Workmen's Compensation Law.

The award should be reversed and the matter remitted to the State Industrial Board, with costs to the appellant against the Board.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Award reversed and matter remitted to the State Industrial Board, with costs to the appellant against the Board.